IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FRANKIE L. MCCANN, JR., <br><br> Plaintiff, <br><br> vs. <br><br> YELLOWSTONE COUNTY and DETENTION OFFICER LEE, <br><br> Defendants. | CV-23-00126-BLG-SPW-TJC <br><br> ORDER |

Plaintiff Frankie L. McCann, Jr., filed a Complaint alleging Defendant Lee has interfered with his legal mail. (Doc. 2). The Complaint failed to state a federal claim for relief, so the Court directed McCann to amend if he was able. (Doc. 9.) The Court has considered his Amended Complaint and determined that it, too, fails to state a claim. It will be dismissed.

## I. STATEMENT OF THE CASE

### A.   Parties

McCann is a pretrial detainee incarcerated at Yellowstone County Detention Facility ("YCDF"). Detention Officer Lee was the sole defendant in McCann's original Complaint. The Amended Complaint has Yellowstone County in the caption but does not list the county in the Defendants section. (Doc. 10 at 1 - 2.)

1

## B. Allegations

McCann alleges that on October 4, 2023, Defendant Lee opened his legal mail outside of McCann's presence. (Doc. 10 at 4 - 5.) McCann seeks compensatory relief, including for emotional damages. (Doc. 10 at 5.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

McCann is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Prisoners have protected First Amendment interests in both sending and receiving mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). Prison regulations or practices affecting a prisoner's receipt of mail implicate First Amendment rights and must be "reasonably related to legitimate penological interests." *Thornburgh*, 490 U.S. at 409 (*quoting Turner*, 482 U.S. at 89).

Prison officials may examine an inmate's mail without infringing his rights and inspect non-legal mail for contraband outside the inmate's presence. *United States v. Wilson*, 447 F.2d 1, 8 n. 4 (9th Cir. 1971); *Witherow v. Paff*, 52 F.3d 264,

265–66 (9th Cir. 1995)(upholding inspection of outgoing mail). Prison officials must institute procedures for inspecting "legal mail" but that only pertains to mail sent between attorneys and prisoners. *Wolff v. McDonnell*, 418 U.S. 539 at 576-577 (1974). In the Ninth Circuit, "mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Similarly, mail to and from state agencies is not "legal mail," and may be opened and inspected outside an inmate's presence. *O'Keefe v. Van Boening*, 82 F.3d 322, 325–27 (9th Cir. 1996) (holding that inspection of grievance mailings to state agencies did not violate First Amendment); *Grigsby v. Horel*, 341 Fed. Appx. 314, 314–15 (9th Cir. 2009).

As the Court previously stated, McCann provides insufficient factual allegations regarding his mail claims. He uses conclusory labels to claim his constitutional rights have been violated, but the facts, as they can be gleaned, are just that one time, some mail was improperly opened, possibly inadvertently. McCann states that the mail was "from the court," but that is not legal mail according to the law outlined above. (Doc. 10 at 4.) He simply fails to allege sufficient facts to state a credible claim that his constitutional rights were violated, despite having been given the legal requirements in the Court's prior Order and the opportunity to amend.

## III. CONCLUSION

McCann was given the opportunity to amend to state sufficient facts to plausibly state a claim, but his Amended Complaint adds nothing to allege that his constitutional rights were violated. The Amended Complaint fails to state a claim for relief.

Based upon the foregoing, the Court issues the following:

## ORDER

1. McCann's Amended Complaint is DISMISSED for failure to state a claim. The Clerk of Court is directed to close the matter and enter judgment pursuant to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect that the dismissal counts as a strike against McCann within the meaning of 28 U.S.C. § 1915.

DATED this 22nd day of March, 2024.

Susan P. Watters
United States Judge